MaNly, J.
 

 The bill is filed to obtain a construction of the will of Elijah Bell, in respect to the disposition made therein of th,e woman, Louisa, under the present circumstances of her case. The clauses of the will, material to the enquiry, are the 4th and 9th, which are respectively, as follows: “ 4th Item: I give and bequeath to my sister, Susannah Clark, during her natural life, a certain negro girl, by the name of Louisa, and after the death of my sister as aforesaid, I direct and request that the said negro girl, Louisa, be set free.”
 

 “ 9th Item : I give and beqiieath to my brother, Thomas Bell, all the residue of my property, both real and personal, that I have not heretofore given away, to him and his heirs in fee simple forever.”
 

 An enquiry has been made under the direction of the Court below, from which it appears that the woman is unwilling to accept of freedom upon the condition of leaving the State. This enquiry has been conducted with such apparent care, that the Court is satisfied with the result. Under these circumstances, the Court is called upon to declare what disposi
 
 *273
 
 tion should bfe made of the woman and her children, born since the death of the testator.
 

 It will be seen by reference to our statute laws, Rev. Code, chapter 107, sections 45, 46, 47, 53, that emancipation can only be effected in certain prescribed forms, and upon the condition of the manumitted slaves leaving the State not to return.
 

 It is said in the ease of
 
 Hogg
 
 v. Capehart, reported in a note to
 
 Feimster
 
 v. Tucker, 5 Jones’ Eq. 71, that freedom will not be forced upon any one. It is not the policy of the law to do so. It, therefore, follows that the refusal of the woman to leave the State, that is, to accept of the bequest of freedom, upon the conditions which would make it lawful, frustrates and makes void the bequest. The children of the woman, Louisa, were born after the death of the testator. The election of the mother, by which the bequest becomes void, determines the
 
 status
 
 of her offspring. The will is fixed by the death of the testator, and is considered to take effect and determine the state of the property as from the death. Her election, (although subsequent,) not to conform to the' requirements of law, made the bequest void from the beginning, and the right of emancipation, which she might have claimed, has not inured to the benefit of her children.
 

 The mother and children, then, falling back into the estate, the remaining enquiry is, do they go to the next of kin, as property undisposed of by the will, or do they pass to the residuary legatee.
 

 After due consideration of the contents of the will, we see no sufficient reason for withholding them from the residuum.
 

 A general gift of the residue includes legacies
 
 not
 
 effectually disposed of, whether they fail by lapse or by illegality, unless it be clear upon the will, that the intention was different.
 

 We
 
 do not suppose that the testator expected this, or any other provision of his will to fail and fall into the residuum, but the rule of the courts is that such will fall there, unless it shall appear from the restricted terms of the residuary
 
 *274
 
 ©lause itself, or from other parts of the will, that this was not his intention;
 
 Sorrey
 
 v. Bright, 1 Dev. and Bat. 113.
 

 Pee CubiaM, Decree accordingly.